**Archie WILLIAMS**

v.

**JADE CO., Inc.**

**JADE CO., Inc.**

v.

**J. A. McCARTHY, INC.**

**Civ. A. Nos. 42271, 68–566.**

United States District Court,
E. D. Pennsylvania.

Aug. 17, 1971.

Morris M. Shuster, Philadelphia, Pa., for Archie Williams.

Frank C. Bender, Kelly, Deasey & Scanlon, Philadelphia, Pa., for J. A. McCarthy, Inc.

James F. Young, Krusen, Evans & Byrne, Philadelphia, Pa., for Jade Co., Inc.

## OPINION AND ORDER

HANNUM, District Judge.

Presently before the court is plaintiff Archie Williams' motion for new trial on the issue of damages. This action arose as a result of personal injuries sustained by plaintiff while working as a longshoreman for J. A. McCarthy, Inc. aboard a vessel belonging to Jade Co., Inc. Jade Co., Inc. thereafter instituted a separate action against J. A. McCarthy, Inc., Civil Action No. 68–566, to obtain indemnity for damages which would result to Jade Co., Inc. from plaintiff's action against it. Both actions were consolidated for trial.

Liability and indemnity were tried non-jury. At the conclusion of the trial, the court made oral findings of fact and conclusions of law which established liability against Jade Co., Inc. with indemnity over against J. A. McCarthy, Inc. and no contributory negligence on the part of the plaintiff. Immediately after the court's verdict, counsel for Jade Co., Inc. withdrew his appearance, and counsel for J. A. McCarthy, Inc. assumed the entire defense.

Plaintiff's claim for damages against Jade Co., Inc. and ultimately J. A. McCarthy, Inc. was tried before a jury who assessed damages in the amount of $25,-000.

The question before the court is whether the jury award of $25,000 is so grossly inadequate as to require the grant of a new trial.

On December 30, 1966, plaintiff suffered severe and permanent injuries while in the course of discharging cargo when six or seven sacks of cocoa beans weighing approximately one hundred and thirty (130) pounds each fell on his left leg. He was treated at St. Luke's Hospital on an out-patient basis from December 31, 1966 to April 11, 1967.

On March 9, 1967, a representative of J. A. McCarthy, Inc. referred plaintiff to Edgar L. Ralston, M.D. who is Chief of Orthopedic Surgery at the University of Pennsylvania Hospital, professor of orthopedic surgery and Chairman of the Department of Orthopedic Surgery at the University of Pennsylvania School of Medicine. Plaintiff remained under Dr. Ralston's care from that time up to the time of trial.

At trial plaintiff called Dr. Ralston as *his* medical expert. Dr. Ralston's uncontradicted testimony established that as a direct result of the accident plaintiff suffered a tear of the medial collateral ligament with calcification of the left knee and a traumatic synovitis of the right knee secondary to the injury to the left knee; that the left knee injury was permanent, pain producing and incurable; and that plaintiff will require additional medical treatment in the future to control his symptoms. Dr. Ralston further testified, without contradiction, that in his opinion plaintiff was perma-

nently disabled from working as a longshoreman for the rest of his life and that he was permanently disabled from performing other "heavy labor type work". (T. 28, 30). It was also Dr. Ralston's opinion that the type of employment to which plaintiff was now limited was work at which he would be constantly seated using only his upper extremities.

Plaintiff is a Black-American, fifty five (55) years of age, with only a sixth grade education. His entire working life, including his military service in both the Second World War and the Korean conflict, involved manual labor. Since 1953 his sole employment has been as a longshoreman whose duties require regular lifting, bending, climbing and stooping.

J. A. McCarthy, Inc. stipulated to plaintiff's total continuous disability periods as a result of his injuries sustained in the accident to be from December 30, 1966 to April 17, 1967; from November 9, 1967 to November 29, 1967; from December 16, 1968 to January 12, 1969, a total of twenty-two and one sevenths weeks. In addition, plaintiff's uncontradicted testimony established that he lost five or six work days per month on a day-to-day basis because of his injuries, and from October 1, 1969 to April 1, 1970, the date of trial, plaintiff, with the exception of nine hours, was unable to work at all as a longshoreman because of his injuries.

The evidence further established that the life expectancy of a fifty five year old non-white male was eighteen years and his work life expectancy was eleven and one-half years.

In light of the foregoing uncontradicted facts and in addition to the past and future medical expenses and pain and suffering and the severe disruption to this individual's life as a result of this accident, the court is satisfied that the jury's award was shockingly inadequate. "To permit this verdict to stand would represent a clear miscarriage of Justice." Ashbrook v. Kowalick, C.A. No. 41867, (E.D.Pa. March 13, 1970) (Fullam, J.)